NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAMADA WORLDWIDE, INC., | : <br> : <br> : Civil Case No. 06-3557 (FSH) <br> : <br> : **ORDER and OPINION** <br> : <br> : Date: January 7, 2008 |
| Plaintiff, | |
| v. | |
| JAYDUTT, INC., et al, | |
| Defendants. | |

**HOCHBERG, District Judge**

This matter having come before the Court upon Plaintiff Ramada Worldwide, Inc.'s ("Ramada") Motion for Default Judgment against corporate Defendant Jaydutt, Inc. (DKT#65) pursuant to Federal Rule of Civil Procedure 55(b)(2); and

it appearing that Plaintiff having filed the instant action against Defendants on August 1, 2006, alleging that corporate Defendant Jaydutt, Inc. had breached its obligations under the License Agreement between the parties and that the License Agreement had been prematurely terminated, and alleging that the individual Defendants Shashi Patel and Kay Patel had breached a personal guaranty;[1] and Magistrate Judge Shwartz having informed Jaydutt "that it can only proceed through an attorney admitted to practice law before this Court" (DKT#38), and Judge Shwartz having permitted Plaintiff to move for default judgment against Jaydutt for failure to

---

[1] A separate order granting Ramada's motion for summary judgment against individual Defendants and guarantors Shashi Patel and Kay Patel will issue this same day.

1

secure counsel (DKT#45), and Jaydutt having failed to answer or appear in this action through counsel; and entry of default having been entered by the Clerk of the Court against Jaydutt on September 19, 2007; and Plaintiff having provided Defendant Jaydutt with written notice of its motion for default judgment; and Defendant Jaydutt having failed to respond to the instant Motion and the time for such response having elapsed; and Plaintiff seeking damages in the form of Recurring Fees, Liquidated Damages, infringement damages under the Lanham Act, prejudgment interest, and attorney's fees and costs as a result of the breach and premature termination of the Licensing Agreement between Plaintiff and Defendant; and Plaintiff's submissions having been considered pursuant to Fed. R. Civ. P. 78; and

it appearing that the Lanham Act provides that "[i]n an action brought under this subsection, the owner of the famous mark shall be entitled only to injunctive relief unless the person against whom the injunction is sought willfully intended to trade on the owner's reputation or to cause dilution of the famous mark." 15 U.S.C. § 1125(c)(2); and

it appearing, however, that if the violation is willful, the section directs that the mark's owner is generally entitled to treble damages. See id. (instructing that the award of damages in a case of willful use is governed by 15 U.S.C. §§ 1117(a), 1118); see also 15 U.S.C. § 1118 ("In assessing damages under [§1117(a)], the court shall, unless the court finds extenuating circumstances, enter judgment for three times such profits or damages, whichever is greater . . . ."); and

it appearing that Plaintiff alleges that "[s]ince the termination of the License Agreement through at least July 2005, Jaydutt used the Ramada Marks without authorization to rent rooms through, among other things, failure to remove Ramada signage and continuing to identify the

Facility as a Ramada guest lodging facility in response to telephone inquiries and on guest receipts." See Compl. ¶ 46; Workman Aff. (DKT#66) ¶ 47; and

it appearing that corporate Defendant Jaydutt has failed to contest this claim through counsel as instructed by Judge Shwartz;[2] and

it appearing, therefore, that Plaintiff's allegation that Defendant continued to willfully use the Ramada marks after the Agreement was terminated in violation of the Lanham Act is uncontroverted by competent evidence as required by Fed. R. Civ. P. 56;[3] and

it appearing that Plaintiff also seeks liquidated damages based on the premature termination of the License Agreement in an amount equal to $2,000 times the number of rooms (50), which equals $100,000; and

---

[2] Individual Defendants Shashi Patel and Kay Patel deny that Jaydutt continued to use Ramada's marks after the Agreement was terminated. See Answer of Shashi Patel (DKT#5) ¶¶ 47-53; Couch Aff. Ex. A (Answer of Kay Patel) ¶¶ 47-53. As Judge Shwartz made abundantly clear, however, a corporate defendant must be represented by counsel. See DKT#38; see also Simbraw, Inc. v. U.S., 367 F.2d 373, 373 (3d Cir. 1966) (holding that a corporate litigant must be represented by counsel); Mazzoni v. United States, 2006 WL 1564020, at *1 (E.D. Pa. April 17, 2006) (same and collecting cases). Jaydutt has failed to appear through counsel, and the Court may not rely upon the averments of individual defendants in opposition to Plaintiff's motion for default against a corporate defendant.

[3] In an order dated November 29, 2007, the Court explained the requirements of Rule 56 for the benefit of pro se Defendants Shashi Patel and Kay Patel in relation to the motion for summary judgment pending against them in this case. As a result, from at least that date, all parties, including Defendant Jaydutt, were on notice as to the procedure for submitting evidence in opposition to a motion for summary judgment in accord with the Federal Rules of Civil Procedure.

it appearing that Plaintiff has not adduced sufficient proofs of the reasonableness of the provision requiring liquidated damages in an amount equal to $2,000 multiplied by the number of guest rooms;[4] and

it appearing that Plaintiff is capable of calculating its damages based on the average Recurring Fees for the periods during which the hotel operated; and

it therefore appearing that the liquidated damages clause is not reasonable in this case; and

it appearing that Plaintiff also requests attorney's fees in the amount of $38,466.68, but that this request is not supported by evidence of the actual time spent on each of the listed tasks or the hourly rate for those tasks;[5]

**ACCORDINGLY IT IS** on this 7th day of January, 2008

---

[4] A liquidated damages clause is valid under New Jersey law only if it is reasonable. Wasserman's Inc. v. Middletown, 137 N.J. 238, 249 (1994). To determine whether the provision is reasonable, the Court shall consider whether the amount is a reasonable forecast of just compensation for the harm that is caused by the breach and whether that harm is "incapable or very difficult of accurate estimate." Id. at 250. Plaintiff has not provided sufficient proof that the liquidated damage provision requiring the Defendant to pay no less than $2,000.00 per guest room is a reasonable forecast of damages. The approximate monthly fees during the period that the hotel operated were approximately $1,444.79 per month. Thus, the provision does not bear a sufficiently reasonable relationship to the pecuniary harm the Plaintiff would have likely suffered in the event of a breach. See Howard Johnson Int'l Inc. v. HBS Family, Inc., 96 Civ. 7687 (SS), 1998 WL 411334, at * 8 (S.D.N.Y. 1998) (holding that a liquidated damages provision of $2,000 per room as an impermissible penalty because it was not related to the potential pecuniary harm).

[5] The Court finds that Plaintiff has not stated a sufficient reason to warrant the filing of Plaintiff's time entries under seal. Plaintiff shall file appropriate affidavits to support its request for attorney's fees and shall apportion those fees – separating out those fees related to the Lanham Act claim – in accordance with the Court's order granting summary judgment against individual Defendants Shashi Patel and Kay Patel this same day.

**ORDERED** that Plaintiff shall have judgment against Defendant Jaydutt, Inc. in the total amount of $50,121.16 plus the amount to be proven by Plaintiff in accordance with this Order comprised of the following:

(a)   $21,947.75 for Recurring Fees (principal plus interest calculated through October 31, 2007); and

(b)   $28,173.41 for infringement damages pursuant to the Lanham Act; and

(c)   judgment for liquidated damages against Defendant Jaydutt in the amount of the average monthly Royalties and Basic Reservation Charges since the Opening Date of Defendant's facility multiplied by 24 months, including payment of Plaintiff's applicable Taxes, plus prejudgment interest; and

(c)   attorney's fees and costs; and it is further

**ORDERED** that beyond the date of this Final Judgment and Order, post-judgment interest with respect to the total amount of this Final Judgment and Order will continue to accrue at the rate allowed by law until the Judgment is paid in full; and it is further

**ORDERED** that no later than **January 22, 2007**, Defendant shall provide this Court with a reasonable calculation of liquidated damages based on the average monthly Recurring Fees since the Opening Date of Defendant's facility multiplied by 24 months, including payment of Plaintiff's applicable Taxes, plus prejudgment interest; and it is further

**ORDERED** that no later than **January 22, 2007**, Defendant shall provide this Court with detailed time entries sufficient to support its request for attorney's fees.

/s/ Faith S. Hochberg

Hon. Faith S. Hochberg, U.S.D.J.